UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONOVAN HAM,

                Plaintiff,

  -against-                                            **COMPLAINT**

RED APPLE GROUP INC. d/b/a GRISTEDE'S,      *Jury Trial Demanded*
GRISTEDE'S FOODS INC., and GRISTEDE'S
FOODS NY, INC.,

                Defendants.
------------------------------------------------------------X

      Plaintiff, Donovan Ham ("Plaintiff"), by and through his counsel, the Law Office of Peter A. Romero PLLC, as and for his Complaint against RED APPLE GROUP INC. d/b/a GRISTEDE'S, GRISTEDE'S FOODS INC., and GRISTEDE'S FOODS NY, INC. (hereinafter "GRISTEDE'S"), alleges and complains as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action against GRISTEDE'S to redress discrimination in employment because of disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (collectively as the "ADA"), New York State Human Rights Law, N.Y. Exec. Law § 290, *et. seq*. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. § 8-101 *et seq*. ("NYCHRL").

      2.    GRISTEDE'S discriminated against Plaintiff in the terms and conditions of his employment based on his disability by subjecting him to a hostile work environment based on his disability and by terminating his employment because of his disability. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs and other appropriate relief pursuant to the ADA, NYSHRL and NYCHRL.

      3.    GRISTEDE'S unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and

continues to cause Plaintiff to suffer substantial economic and non-economic damages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28. US.C. § 1367.

5. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because the unlawful practices complained of herein occurred within the Southern District of New York and because GRISTEDE'S resides within the Southern District of New York.

6. Pursuant to N.Y.C. Admin § 8-502(c), a copy of this complaint has been served on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York.

7. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging, *inter alia*, discrimination in violation of the ADA under Charge Number: 520-2022-05948. Plaintiff commenced this action within ninety days of the EEOC issuing the Notice of Right to Sue.

## THE PARTIES

8. Plaintiff is an adult male and a "qualified individual with a disability" within the meaning of the ADA, as well as a disabled person within the meaning of the NYSHRL and NYCHRL. Plaintiff was born deaf and must use sign language to communicate.

9. Plaintiff was an employee within the meaning of the ADA, NYSHRL and NYCHRL, as well as a person within the meaning of the NYCHRL.

10. At all times relevant, RED APPLE GROUP INC., was and is a business corporation headquartered in New York with 15 or more employees, with its principal place of business located at 800 Third Avenue, 5th Floor, New York, New York 10022.

11.     At all times relevant, GRISTEDE'S FOODS INC., was and is a business corporation headquartered in New York with 15 or more employees, with its principal place of business located at 800 Third Avenue, 5th Floor, New York, New York 10022.

12.     At all times relevant, GRISTEDE'S FOODS NY, INC., was and is a business corporation headquartered in New York with 15 or more employees, with its principal place of business located at 800 Third Avenue, 5th Floor, New York, New York 10022.

## FACTUAL ALLEGATIONS

13.     Plaintiff was employed by GRISTEDE'S as a grocery store clerk from on or about December 10, 2020 until on or about November 21, 2021, at the grocery store located at 504 Columbus Avenue, New York, New York 10024.

14.     Plaintiff's job duties included mopping floors, breaking down boxes, and general utility work, as well as occasionally assisting in the meat and/or frozen food departments as necessary.  Plaintiff performed his duties in an exemplary manner, was qualified for the job, and did not receive any criticism about his job performance.

15.     Prior to Plaintiff being hired, Plaintiff informed GRISTEDE'S that he was deaf and that he would require assistance to facilitate communication with managers and employees that did not know American Sign Language.  Plaintiff's mother facilitated communication during Plaintiff's interview with GRISTEDE'S and the on-boarding process.

16.     Plaintiff began work at GRISTEDE'S on or about December 10, 2020.  He was initially scheduled to work four (4) days per week from 9:00 a.m. until 2:00 p.m. each day.

17.     For approximately five (5) months, Plaintiff worked for GRISTEDE'S without issue, and never received a write-up or discipline of any kind.

18.     In or around May 2021, however, Plaintiff's store manager, Alfred Gumbs, was replaced by "Luis" (last name unknown).

19. Luis immediately displayed animus toward Plaintiff because he is deaf. Luis indicated to Plaintiff that he had no interest in, or patience for, communicating with Plaintiff and he became angry whenever he had to communicate with him.

20. Luis displayed bias against Plaintiff by changing Plaintiff's schedule and reducing the number of hours that Plaintiff worked each week.

21. Plaintiff had previously been scheduled to work four (4) days a week, 5 hours per day from 9 a.m. to 2 p.m. After Luis took over as store manager, he reduced Plaintiff's schedule from four (4) days to three (3) days per week.

22. Luis' discriminatory actions toward Plaintiff increased over time. For example, Luis began sending Plaintiff home before the end of his shift because he did not want to communicate with Plaintiff, resulting in diminished earnings for Plaintiff.

23. The cut in Plaintiff's hours prompted Plaintiff's mother to contact GRISTEDE'S human resources department ("HR") on behalf of Plaintiff to inquire why he was not working more hours. GRISTEDE'S failed to take appropriate remedial action.

24. In or around May 2021, Luis aggressively yelled at Plaintiff in an animated manner. Plaintiff observed that Luis was expressing hostility toward him.

25. Plaintiff was so greatly upset and distraught by Luis' harassment, that he called his mother from the store and asked her to facilitate communication between him and the store manager. When Plaintiff handed his manager the phone, Luis said, "*I don't have time for this*," and refused to speak with Plaintiff's mother.

26. On more than one occasion, Luis handed Plaintiff notes telling him to "*go home*," before the end of Plaintiff's shift and further reducing his income. Plaintiff grew increasingly upset by Luis' harassing and discriminatory conduct. While Plaintiff was once excited to be

gainfully employed, he now had a manager who sought to make every day insufferable and deprive him of the hours he had previously been scheduled to work because he is deaf.

27. Luis' discriminatory conduct toward Plaintiff culminated in the termination of his employment on November 21, 2021. On that date, Luis terminated Plaintiff's employment by handing Plaintiff an egg carton box where he had written: "***Go home NO ONE want[s] to work with you***."

28. Plaintiff was devastated by Luis' note, and left work on the verge of tears.

29. Plaintiff has sought mental health treatment due to the trauma he experienced as result of Luis' harassment and discrimination.

30. GRISTEDE'S discriminated against Plaintiff by subjecting him to a hostile work environment and terminating Plaintiff's employment because of his disability in violation of the ADA, the NYSHRL and the NYCHRL.

31. As a result of GRISTEDE'S discrimination, Plaintiff has suffered and continues to suffer the loss of the opportunity for employment, loss of income, emotional pain and suffering, mental anguish, embarrassment and humiliation.

32. GRISTEDE'S conduct was done in conscious disregard of Plaintiff's statutorily protected rights and warrants an award of punitive damages.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION IN VIOLATION OF THE ADA**

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. GRISTEDE'S discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability by subjecting him to a hostile work environment and terminating his employment because of his disability in violation of the ADA.

35. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

36. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION IN VIOLATION OF THE NYSHRL

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

38. GRISTEDE'S discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability by subjecting him to a hostile work environment and terminating his employment because of his disability in violation of the NYSHRL.

39. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

40. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
## DISCRIMINATION IN VIOLATION OF THE NYSHRL

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42. GRISTEDE'S discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability by subjecting him to a hostile work environment and terminating his employment because of his disability in violation of the NYCHRL.

43. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

44. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

46. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under ADA, NYSHRL and NYCHRL;

(iii) Awarding damages for, *inter alia*, compensatory damages for back pay, front pay, all benefits to which Plaintiff would have been entitled to receive but for Defendants' unlawful conduct, damages for emotional distress, pain and suffering, and other incidental and consequential damages;

(iv) Punitive damages as permitted by law;

(v) Pre- and post-judgment interest as permitted by law;

(vi) All attorneys' fees incurred in prosecuting these claims;

(vii) All costs incurred in prosecuting these claims; and

(viii) Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
May 10, 2023

                LAW OFFICE OF PETER A. ROMERO PLLC

                */s Peter A. Romero*

By: _____
                PETER A. ROMERO, ESQ.
                490 Wheeler Road, Suite 250
                Hauppauge, NY 11788
                Tel. (631) 257-5588
                promero@romerolawny.com

                *Attorneys for Plaintiff*